

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. Riley Wyatt, Member
Texas Prison Board
Brady Building
San Antonio, Texas

Dear Sir:

Opinion No. O-4727
Re: Authority of the Texas Prison
Board to permit convict labor
to be used in harvesting crops
for private individuals.

We are in receipt of your letter of July 17, 1942,
making the following request of this department:

"Will you please advise me whether or not
the Texas Prison Board has the authority to
permit prison labor to be used in harvesting
crops for individuals.

"This request is prompted by copy of letter
hereto attached."

Prior to the adoption of Acts of 1910, 31st Leg-
islature, Fourth Called Session, or S. B. No. 15, Ch. 10,
page 143, convict labor was subject to sale or contract with
private individuals. Subsequent to the previously mentioned
enactment, such contracting was prohibited. The present
policy of the State in this regard, substantially the same
since 1910, is defined by Article 6166a, Vernon's Annotated
Civil Statutes. The portion of said statute material to the
question is as follows:

". . . All prisoners shall be worked within
the prison walls and upon farms owned or leased
by the State; and in no event shall the labor of
a prisoner be sold to any contractor or lessee to
work on farms, or elsewhere, nor shall any prisoner
be worked on any farm or otherwise upon shares,
except such farms be owned or leased by the State
of Texas."

The clarity and manifest intent of this statute, to prohibit the use of convict labor for the benefit of private persons, compels us therefore to answer your question in the negative.

The proposition outlined in the enclosed letter suggesting that the Prison Board lease land and rice crops from adjacent rice farmers, obtaining a share of the rice crops in consideration of the employment of convict labor thereon, is in our opinion prohibited under Article 6166a, especially the following portions therefrom:

". . . nor shall any prisoner be worked on any farm or otherwise upon shares, except such farm be owned or leased by the State of Texas."

A "lease" by the Prison Board in consideration of convict labor furnished would be only a subterfuge to do by indirection that which is prohibited by direction.

While Article 6166-c authorizes the Prison Board to "lease real estate for agricultural or grazing purposes," it is our opinion that this does not authorize the contracting of convict labor under the cloak of a "lease of real estate." Article 6166-c must be construed together with Article 6166a.

Therefore, we answer that the proposed "lease in consideration of convict labor" is also prohibited by Article 6166a.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Benjamin Woodall_
Benjamin Woodall
Assistant

By _Stewart W. De Vore_
Stewart W. De Vore

SD:LK

APPROVED
OPINION
COMMITTEE